**Stephen H. Buckley**, OSB #801786
sbuckley@brownsteinrask.com
**Cary R. Cadonau**, OSB #002248
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS HEALTH AND WELFARE TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS PENSION TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS VACATION-SAVINGS TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND, TRUSTEES OF THE CONTRACT ADMINISTRATION FUND, TRUSTEES OF CARPENTERS INTERNATIONAL TRAINING FUND, and the PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS,

Plaintiffs,

v.

TBH & ASSOCIATES, LLC,

Defendant.

Civil No. ____________________

**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA)

/// ///

Plaintiffs allege:

**I**

**THE PARTIES**

1. Plaintiffs are the Trustees of the Oregon-Washington Carpenters-Employers Health and Welfare Trust Fund (Health Fund), the Oregon-Washington Carpenters-Employers Pension Trust Fund (Pension Fund), the Oregon-Washington Carpenters-Employers Vacation-Savings Trust Fund (Vacation Fund), the Oregon-Washington Carpenters-Employers Apprenticeship and Training Trust Fund (Local Training Fund), the Carpenters International Training Fund (International Training Fund), the Contract Administration Fund (Contract Fund) (collectively, "Trust Funds") and the Pacific Northwest Regional Council of Carpenters (Union).

2. The Health Fund, Vacation Fund, Local Training Fund and International Training Fund are "employee welfare benefit plans" as that term is defined in 29 U. S. C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund have discretionary authority and control over the management of the Trust Funds and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

3. The Union is a labor organization with its principal office and place of business in SeaTac, Washington. The Union is the successor to the Pacific Northwest District Council of Carpenters.



BROWNSTEIN RASK LLP
1200 Main Street Portland, Oregon 97205
P: 503 221 1772 F: 503 221 1074

4. The Contract Fund is a trust fund created pursuant to a trust agreement. The Contract Fund is governed by a board of trustees.

5. Defendant is an Washington limited liability company. At all times material to this proceeding (August 2017 through January 2018), Defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

**II**

**JURISDICTION**

6. The Court has jurisdiction over the First, Second and Fourth Claims for Relief brought by the Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund against Defendant for violation of the provisions of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to 29 U.S.C. § 1132(e)(1) of ERISA.

7. At all times material to this proceeding (August 2017 through January 2018), a written collective bargaining agreement has existed between the Union and Defendant. The collective bargaining agreement covers employees in an industry affecting commerce and the activities of Defendant affect commerce. The Court has jurisdiction over all Claims for Relief brought by each Plaintiff against Defendant pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

/// ///

/// ///

/// ///





## JOINDER

8. The obligations of Defendant to Plaintiffs arise out of the same collective bargaining agreement. Common questions of law and fact govern the claims each Plaintiff has against Defendant.

## IV

## COMMON FACTS

9. At all times material to this proceeding (August 2017 through January 2018), Defendant has been bound by a written collective bargaining agreement with the Union. Under the terms of the collective bargaining agreement, Defendant agreed to be bound by the terms and conditions of the Trust Agreements which created the Trust Funds. Defendant further agreed to pay fringe benefit contributions on behalf of its employees performing work under the collective bargaining agreement to the Trustees of the Trust Funds, and to remit union dues to the Union. Defendant further agreed to file monthly remittance report forms and to pay fringe benefit contributions and union dues to the Trustees of the Trust Funds and Union by the 20th day of the month following the month in which the work was performed.

10. The Trust Agreements which created the Trust Funds (except the International Training Fund) provide that, if an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for the delinquent fringe benefit contributions, interest on the delinquent or late paid fringe benefit contributions at the rate of 12 percent per annum from the date each contribution became due until paid and liquidated damages in an amount equal to one percent of the delinquent or late paid fringe benefit contributions for each month that the fringe benefit contributions are late or delinquent.

/// ///

11. The Trust Agreement that created the International Training Fund provides that, if an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for interest on the delinquent fringe benefit contributions at the rate of 1.5% per month, compounded monthly, from the date the contributions became due, until paid, and liquidated damages in an amount equal to 20% of the late paid fringe benefit contributions, or the amount of interest owed, whichever amount is greater.

12. The Union is entitled to recover the union dues pursuant to the terms of the collective bargaining agreement, and interest on the delinquent or late paid union dues from the date payment became due until paid at the rate of nine percent per annum pursuant to the provisions of ORS 82.010.

**V**

**FIRST CLAIM FOR RELIEF**

13. Plaintiffs hereby reallege and hereby incorporate by reference paragraphs 1 through 12 of their complaint as though fully set forth herein.

14. Defendant has failed to pay its fringe benefit contributions and union dues owed for the work months of September 2017, November 2017 and January 2018, and the time therefore has expired. Based on Defendant's remittance report forms submitted for those months, Defendant owes the following amounts to Plaintiffs: $37,819.82 in fringe benefit contributions and union dues; $945.18 in interest as of February 28, 2018, with interest continuing to accrue on the sum of fringe benefit contributions owed to all Trust Funds except the International Training Fund ($35,476.04) at the rate 12% per annum from March 1, 2018, through entry of judgment, interest continuing to accrue on the sum of fringe benefit contributions owed to the International Training Fund ($157.60) at the rate 1.5% per month,

compounded monthly, from March 1, 2018, through entry of judgment, and interest continuing to accrue on the sum of union dues owed to the Union ($2,186.18) at the rate 9% per annum from March 1, 2018, through entry of judgment; plus $1,110.97 in liquidated damages calculated through March 20, 2018, with liquidated damages continuing to accrue in an amount equal to one percent of the fringe benefit contributions owed to all Trust Funds except the International Training Fund ($35,476.04) for each monthly period on and after April 20, 2018 that such fringe benefit contributions remain unpaid.

15. The Trust Agreements that created the Trust Funds provide that, if an employer fails to timely pay fringe benefit contributions and legal proceedings are instituted, the Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee. The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from Defendant.

16. The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund are also entitled to recover a reasonable attorneys' fee from Defendant pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

**VI**

**SECOND CLAIM FOR RELIEF**

17. The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund hereby reallege and incorporate by reference paragraphs 1 through 16 of their complaint as though fully set forth herein.

18. Defendant failed to timely pay its fringe benefit contributions for the work months of August 2017 and October 2017. As a result, Defendant owes $171.33 in interest to the Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund.





19. The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund are entitled to recover a reasonable attorneys' fee from Defendant pursuant to the terms of the Trust Agreements that created those Trust Funds, and pursuant to 29 U.S.C. § 1132(g)(2)(D) of ERISA.

**VII**

**THIRD CLAIM FOR RELIEF**

20. Plaintiffs reallege and hereby incorporate by reference paragraphs 1 through 19 of their complaint as though fully set forth herein.

21. As a result of the late payments set forth in paragraph 18, above, Defendant owes $10.66 in interest to the Contract Fund and Union, and owes $283.78 in liquidated damages to the Trustees of the Trust Funds.

22. The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from Defendant pursuant to the terms of the Trust Agreements that created the Trust Funds.

**VIII**

**FOURTH CLAIM FOR RELIEF**

23. Plaintiffs reallege and hereby incorporate by reference paragraphs 1 through 22 of their complaint as though fully set forth herein.

24. Defendant has failed to file its December 2017 remittance report form, and the time therefore has expired. Defendant should be required to file its December 2017 remittance report form, together with all report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed based on the information contained therein, pay interest on the delinquent fringe benefit contributions and

/// ///

union dues from the date each payment became due until paid, and pay liquidated damages on the delinquent fringe benefit contributions owed to the Trust Funds.

25. The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from Defendant pursuant to the terms of the Trust Agreements.

26. The Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund are also entitled to recover a reasonable attorneys' fee from Defendant pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

WHEREFORE, Plaintiffs pray for a decree and judgment against Defendants as follows:

1. On the **First Claim for Relief**, requiring Defendant to pay the following amount to Plaintiffs: $37,819.82 in fringe benefit contributions and union dues; $945.18 in interest as of February 28, 2018, with interest continuing to accrue on the sum of fringe benefit contributions owed to all Trust Funds except the International Training Fund ($35,476.04) at the rate 12% per annum from March 1, 2018, through entry of judgment, interest continuing to accrue on the sum of fringe benefit contributions owed to the International Training Fund ($157.60) at the rate 1.5% per month, compounded monthly, from March 1, 2018, through entry of judgment, and interest continuing to accrue on the sum of union dues owed to the Union ($2,186.18) at the rate 9% per annum from March 1, 2018, through entry of judgment; plus $1,110.97 in liquidated damages calculated through March 20, 2018, with liquidated damages continuing to accrue in an amount equal to one percent of the fringe benefit contributions owed to all Trust Funds except the International Training Fund ($35,476.04) for each monthly period on and after April 20, 2018 that such fringe benefit contributions remain unpaid;

/// ///

/// ///





2. On the **Second Claim for Relief**, requiring Defendant to pay $171.33 in interest to the Trustees of the Health Fund, Pension Fund, Vacation Fund, Local Training Fund and International Training Fund;

3. On the **Third Claim for Relief**, requiring Defendant to pay $10.66 in interest to the Contract Fund and Union, and $283.78 in liquidated damages to the Trustees of the Trust Funds;

4. On the **Fourth Claim for Relief**, requiring Defendant to file its December 2017 remittance report form, together with all report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed based on the information contained therein, pay interest on the delinquent fringe benefit contributions and union dues from the date each payment became due until paid, and pay liquidated damages on the delinquent fringe benefit contributions owed to the Trust Funds;

5. Providing that Plaintiffs shall retain the right to conduct a future payroll examination of Defendant's books and records in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that Plaintiffs shall have the right to institute legal proceedings against Defendant to recover the delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorneys' fees and court costs;

6. Requiring Defendant to pay the Trustees of the Trust Funds a reasonable attorneys' fee;

/// ///



BROWNSTEIN RASK LLP
1200 Main Street Portland, Oregon 97205
P: 503 221 1772 F: 503 221 1074

7. Requiring Defendant to pay Plaintiffs' costs and disbursements incurred in this lawsuit; and

8. For such further relief as the Court deems just and equitable.

DATED this 8th day of March 2018.

**BROWNSTEIN RASK, LLP**

/s/ Cary R. Cadonau
Cary R. Cadonau, OSB #002245
Of Attorney for Plaintiffs



BROWNSTEIN RASK LLP
1200 Main Street Portland, Oregon 97205
P: 503 221 1772 F: 503 221 1074